UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.**
-------------------------------------------------------------------------x
Clara Archibald

    Plaintiff,


 -against-

Enhanced Recovery Company, LLC

    Defendant.
-------------------------------------------------------------------------x

## COMPLAINT

 Plaintiff Clara Archibald ("Plaintiff"), by and through her attorneys, Michael Jay Ringelheim for RC Law Group, as and for her Complaint against Defendant Enhanced Recovery Company, LLC. ("Defendant"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act, section 559.55, Florida Statues, et. Seq ("FCCPA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Broward, residing at 5941 NW 16th Place, Apt. 12, Sunrise, FL 33313.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and Fla. Stat section 559.55, with an address at 8014 Bayberry Road, Jacksonville, FL, 32256-7412.

6. Defendant was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

9. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat section 559.55(6).

10. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

11. Defendant reported the Alleged Debt on the Plaintiff's credit report.

12. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on March 15, 2016.

13. Plaintiff examined her credit report again on May 4, 2016 and found that Defendant had not removed the credit account nor marked it as "disputed by consumer" despite being required to do so by the FDCPA.

14. Plaintiff examined her credit report again on September 14, 2016 and found that Defendant had not removed the credit account nor marked it as "disputed by consumer" despite being required to do so by the FDCPA.

15. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

16. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's failure to list the account as "disputed by consumer" despite being required to do so by the FDCPA, violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

18. As a result of the Defendant's violations of the FDCPA, Plaintiffs have been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION

### (Violations of the FCCPA-section 559.55)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

20. Defendant violated section 559 of the Florida Statues for the failure to list the account as "disputed by consumer" despite being required to do so.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

a)   For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)   For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)   For statutory damages pursuant to section 559.77(2) Florida Statues;

e)   Reasonable costs and attorney's fees pursuant to section 559.77(2), Florida Statutes and;

f)   For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  September 14, 2016

Respectfully Submitted,
By:   /s/Michael Jay Ringelheim
Florida bar No.: 93291
mringelheim@gmail.com
RC Law Group, PLLC
285 Passaic Street
Hackensack, NJ, 07601
Telephone: (201) 282-6500 ext 254
Facsimile: (201) 282-6501

Attorney for Plaintiff